Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1816 | **DATE** | 3/16/2004 |
| **CASE TITLE** | John Hammond vs. City of Naperville | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. Because "it appears that the district court lacks subject matter jurisdiction" within the meaning of 28 U.S.C. §1447(c), this court sua sponte orders an immediate remand to the Circuit Court for the Eighteenth Judicial Circuit, DuPage County, Illinois. The Clerk of this Court is ordered to mail the certified copy of the remand order forthwith (in that respect, see this District Court's LR 81.2(b)).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 17 2004 date docketed | |
| | Notified counsel by telephone. | | | 2 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 3/16/2004 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN HAMMOND, )
)
           Plaintiff, )
)
v. ) No. 04 C 1816
)
CITY OF NAPERVILLE, )
)
           Defendant. )

## MEMORANDUM ORDER

DOCKETED
MAR 1 7 2004

City of Naperville ("Naperville") has filed a Notice of Removal ("Notice") to bring this action from its place of origin, the Circuit Court for the Eighteenth Judicial Circuit, DuPage County, Illinois, to this District Court under the claimed auspices of the federal COBRA statute. Because "it appears that the district court lacks subject matter jurisdiction" within the meaning of 28 U.S.C. §1447(c)("Section 1447(c)"), this Court sua sponte orders an immediate remand to the Circuit Court.

It is clear from the Complaint for Injunction/Temporary Restraining Order filed against Naperville by its firefighter/paramedic John Hammond ("Hammond") that Hammond does not seek COBRA relief. To the contrary, the gravamen of his claim is that Naperville owes him an ongoing obligation to continue to furnish him the insurance coverage that it has been providing to him as a regular Naperville employee: Complaint ¶5 charges that Naperville and its Firefighters' Pension Fund and Board of Trustees have improperly delayed in addressing his long-

pending application for a disability pension, so that Naperville now seeks to terminate his regular insurance coverage because he has not been working 40 hours a week (Complaint ¶6).

It is rather <u>Naperville</u> that points to COBRA as an alternative source of coverage. It urges that Hammond must look to COBRA for any ongoing insurance benefits (Complaint ¶7).

More than nine decades have elapsed since Justice Holmes authored for the Supreme Court his famous aphorism in <u>The Fair v. Kohler Die & Specialty Co.</u>, 228 U.S. 22, 25 (1913):

> Of course the party who brings a suit is master to decide what law he will rely upon and therefore does determine whether he will bring a "suit arising under"...[any] law of the United States by his declaration or bill. That question cannot depend upon the answer, and accordingly jurisdiction cannot be conferred by the defense even when anticipated and replied to in the bill.

It remains just as true today as it was then that federal jurisdiction is not conferred by a defendant's assertion of a <u>defense</u> that may implicate a federal question. Simply put, that is what Naperville seeks to do here, and it is wrong in so doing.

Accordingly the earlier-quoted language of Section 1447(c) is brought directly into play, and that the same subsection mandates a remand to the state court where federal subject matter jurisdiction is lacking. This Court so orders. Because it is in both litigants' interests that this case should go forward expeditiously in accordance with the Temporary Restraining Order that has been ordered, and the contemplated March 29, 2004

preliminary injunction hearing that has been set, by Circuit Court Judge Bonnie Wheaton, the Clerk of this Court is ordered to mail the certified copy of the remand order forthwith (in that respect, see this District Court's LR 81.2(b)).

                                        Milton I. Shadur
                                        Senior United States District Judge

Date: March 16, 2004